### In re OSBORN.

(Supreme Court, Appellate Division, Second Department. June 29, 1911.)

EVIDENCE (§ 67*)—PRESUMPTIONS.

    Insanity, of a type generally believed to be of a continuous character, once shown to exist, is presumed to continue.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 87; Dec. Dig. § 67;* Insane Persons, Cent. Dig. § 6.]

Appeal from Special Term, Kings County.

Penelope Deuel Osborn applied for an order directing the removal of the committee of her property. From an order denying such application, she appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, CARR, and WOODWARD, JJ.

Charles A. Dryer, for appellant.
Sidney V. Lowell, for respondents.
T. Ellett Hodgskin, for People's Trust Co., Committee.

PER CURIAM. The petitioner, Penelope Deuel Osborn, was duly adjudged a lunatic in the year 1901 on the petition of her husband. Since that time she has made various applications to be restored to her rights as a sane person, but the court has in every instance denied the petition. The same result has followed in the present instance, and we are now asked to intervene and to overthrow the determination of the court at Special Term.

The petitioner has been judicially determined to have been insane in 1901. No one appears to question that this determination was justified, and that the petitioner was in fact insane at that time, and that

the insanity was of a type which is generally believed to be of a continuous character. Under such circumstances the presumption is that this condition continues. Carter v. Beckwith, 128 N. Y. 312–316, 28 N. E. 582. With the presumption of insanity to be overcome, the evidence contained in the present record does not justify this court in interfering with the discretion of the court at Special Term in denying the order sought. Indeed, we are persuaded that the evidence would not have justified the court in reaching any different conclusion.

While there would not seem to be any occasion for the court providing in the order that the petitioner might make a will, no particular harm seems likely to result, and we are of the opinion that the order appealed from should be affirmed.

Order affirmed, without costs.